**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CASE NO.: 8:26-cv-1455

ALI BEIDOUN,

        Plaintiff,

vs.

HYATT CORPORATION D/B/A HYATT
REGENCY CLEARWATER BEACH RESORT
AND SPA, BW CW HOSPITALITY LLC and
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

        Defendants.

_____

**DEFENDANTS' NOTICE OF REMOVAL**

    Defendants, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, and BW CW HOSPITALITY LLC, ("Defendants"), hereby give this Notice of Removal of the above captioned action from the Sixth Judicial Circuit, in and for Pinellas County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Tampa Division, and respectfully represent as follows:

1. This action was filed in Pinellas County Circuit Court on April 13, 2026. The civil action entitled *Ali Beidoun v. Hyatt Corporation d/b/a Hyatt Regency Clearwater Beach Resort and Spa, BW CW Hospitality, LLC and National*

*Union Fire Insurance Company of Pittsburgh, P.A.*, was commenced in the Circuit Court, Sixth Judicial Circuit, in and for Pinellas County, Florida, and assigned Case Number 26-002246-CI. A copy of the Complaint, as well as all other materials contained within the underlying State Court file are attached hereto as composite **Exhibit "A."**

## CITIZENSHIP

2. There is complete diversity of citizenship between the parties to this cause. This action is properly removable pursuant to 28 U.S.C. §1441 and this Notice of Removal is filed within thirty (30) day statutory period for removal under 28 U.S.C. §1441.

3. Ali Beidoun ("Plaintiff") is a citizen of Michigan. *See Pl.'s Compl.*, ¶ 2, attached within composite **Exhibit "A."**

4. Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA is a Foreign Profit Corporation duly organized under Delaware law with its principal place of business in Chicago, Illinois. Defendant's Foreign Profit Corporate Annual Report is attached hereto as **Exhibit "B."** Pursuant to 28 U.S.C. § 1332(c), a foreign corporation is deemed to be a citizen of every [s]tate and foreign state by which it has been incorporated and of the [s]tate or foreign state where it has its principal place of business." *See also Riley v. Merrill Lynch, Pierce,*

*Fenner and Smith*, 292 F. 3d 1334, 1337-1338 (11th Cir. 2002). Accordingly, Defendant Hyatt is a citizen of Delaware and Illinois.

5. Defendant, BW CW HOSPITALITY LLC is a foreign limited liability company, duly organized as an LLC under the law of the Commonwealth of Texas. None of BW CW HOSPITALITY LLC's members are citizens of Florida. As such, BW is not a Florida citizen. A copy of BW CW HOSPITALITY LLC's Foreign Limited Liability Company Annual Report is attached hereto as **Exhibit "C."**

6. Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., is a Foreign Profit Company duly organized under Pennsylvania law with its principal place of business in New York. Defendant's Foreign Profit Corporate Annual Report is attached hereto as **Exhibit "D."** Pursuant to 28 U.S.C. § 1332(c), a foreign corporation is deemed to be a citizen of every [s]tate and foreign state by which it has been incorporated and of the [s]tate or foreign state where it has its principal place of business." *See also Riley v. Merrill Lynch, Pierce, Fenner and Smith*, 292 F. 3d 1334, 1337-1338 (11th Cir. 2002). Accordingly, Defendant is a citizen of Pennsylvania and New York.

7. Thus, Plaintiff and Defendant are diverse, as Plaintiff is a citizen of Michigan and Defendants are citizens of Delaware, Massachusetts, Texas, Pennsylvania and New York.

## AMOUNT IN CONTROVERSY

8. This is a premises liability action brought by Plaintiff against Defendants. As is expressly referenced in the Complaint, Plaintiff is seeking damages in excess of $50,000.00. *See Pl's Compl.*, ¶ 1, attached within composite **Exhibit A**.

9. In determining the amount in controversy, "'[w]here…the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'" *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d 1251, 1253-54 (S.D. Fla. 2015) (*quoting Williams v. Best Buy Co., Inc.*, 269 F. 3d 1316, 1319 (11th Cir. 2001)). The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation–provided of course, that removal is procedurally proper." *Pretka v. Kolter City Plaza, II, Inc.,* 608 F. 3d 744, 755 (11th Cir. 2010).

10. In the instant matter, on October 16, 2025, Plaintiff furnished Defendant with a demand in the amount of $885,000.00. *See* Demand Letter, attached hereto

as **Exhibit "E."** Plaintiff is claiming extensive injuries to his lower back and left leg. On March 31, 2025, Plaintiff underwent left L3-4, L4-5, and L5-S1 laminotomy and foraminotomy with decompression, microdiscectomy and fluoroscopy. As of October of 2025, Plaintiff's total medical bills were $52,265.77. However, Plaintiff's demand letter purports that Plaintiff is no longer mobile and that Plaintiff has gone into counselling as a result of the subject incident. Based on the information provided in Plaintiff's demand letter, it is clear that Plaintiff's demand is not mere puffery, as it is supported by the specific information furnished by Plaintiff. Thus, while the case was not removable initially, Plaintiff's demand constitutes an "other paper" evidencing that the amount in controversy exceeds $75,000.00.

11. Thus, the amount in controversy inarguably exceeds $75,000.00 for the reasons stated above.

## CONCLUSION

12. Because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. §1332. As such, this removal action is proper.

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action was promptly served on Plaintiff's counsel, and a Notice of Filing of Removal

will be filed with the Clerk of the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida.

14. Defendants have served this instant Notice of Removal on Plaintiff's counsel, on the same day of filing herein. Defendants have also timely filed a Notice of Application for Removal with the Circuit Court of the Sixth Judicial Circuit.

15. Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

16. Defendants reserve the right to amend and/or supplement this Notice of Removal with information and additional bases for removal that may come to light upon further investigation.

**WHEREFORE**, Defendants respectfully request that this action now pending in the Sixth Judicial Circuit in and for Pinellas County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated: March 17, 2025

/s/ Alison H. Sausaman
Alison H. Sausaman, Esq.
Florida Bar No. 112552
Emily E. Barry, Esq.
Florida Bar No. 1058432
CARR ALLISON
The Truist Tower

200 West Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:   (904) 328-6473
Email: asausaman@carrallison.com
Email: ebarry@carrallison.com
Secondary Email:
egaskill@carrallison.com
Secondary Email:
swright@carrallison.com
*Attorneys for Defendant, Hyatt Corporation.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Thursday, May 14, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following:

Alexander J. Mendez, Esq.
THE INJURY FIRM
1608 East Commercial Blvd.
Fort Lauderdale, FL 33334
(954) 951-0000
Primary email:
Eservice13@flinjuryfirm.com
Secondary email:
records@flinjuryfirm.com
alex@flinjuryfirm.com

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG, P.A.
200 East Gaines Street
Tallahassee, Florida 32399
*Defendant*

/s/ Alison H. Sausaman
Alison H. Sausaman
Florida Bar No. 112552
*Attorneys for Defendant*