Case 8:26-cv-01455-KKM-AAS    Document 1-1    Filed 05/14/26    Page 1 of 30 PageID 9

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT,
IN AND FOR PINELLAS COUNTY, FLORIDA

CASE NO.:

ALI BEIDOUN,

      Plaintiff,

v.

HYATT CORPORATION D/B/A HYATT
REGENCY CLEARWATER BEACH RESORT
AND SPA, BW CW HOSPITALITY LLC and
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

      Defendants.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ALI BEIDOUN ("Plaintiff"), by and through his undersigned counsel, and hereby sues Defendants, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, BW CW HOSPITALITY LLC and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and in support thereof, alleges the following:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceeds Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs, and attorney's fees.

2. At all times material to this action, Plaintiff was a natural person residing in Wayne County, Michigan.

3. At all times material to this action, Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, STORE, was a Foreign

1

Profit Corporation authorized and licensed to conduct and transact business in the State of Florida, specifically in PINELLAS County, Florida.

4. At all times material to this action, Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, maintained agents and/or representatives in PINELLAS County, Florida, for purposes of carrying out its business.

5. At all times material to this action, Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, either owned, possessed, controlled, operated, managed, and/or maintained the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767.

6. At all times material to this action, Defendant, BW CW HOSPITALITY LLC, was a Foreign Limited Liability Company authorized and licensed to conduct and transact business in the State of Florida, specifically in PINELLAS County, Florida.

7. At all times material to this action, Defendant, BW CW HOSPITALITY LLC, maintained agents and/or representatives in PINELLAS County, Florida, for purposes of carrying out its business.

8. At all times material to this action, Defendant, BW CW HOSPITALITY LLC, either owned, possessed, controlled, operated, managed, and/or maintained the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767.

9. At all times material to this action, Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., was a Foreign Profit Corporation authorized and licensed to conduct and transact business in the State of Florida, specifically in Pinellas County, Florida.

2

10. At all times material to this action, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, was insured under an insurance policy issued by Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., bearing Policy Number, 519-65-16, in relation to the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767. Please refer to Exhibit A.

11. The Commercial General Liability insurance policy issued by Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., to HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, included Medical Payments Coverage.

12. On or about June 7, 2024, Plaintiff was lawfully walking on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, for a purpose directly or indirectly connected to the subject premises.

13. At all times material to this action, Plaintiff was not prohibited from entering and/or being on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767.

14. At all times material to this action, Plaintiff did not remain on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, for an unreasonable amount of time.

15. All conditions precedent to the filing and/or maintenance of this action against Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, have been performed, occurred, excused, and/or waived.

3

16.     All conditions precedent to the filing and/or maintenance of this action against Defendant, BW CW HOSPITALITY LLC, have been performed, occurred, excused, and/or waived.

17.     All conditions precedent to the filing and/or maintenance of this action against Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., have been performed, occurred, excused, and/or waived.

18.     Venue is proper in PINELLAS County, Florida.

19.     Jurisdiction is proper in PINELLAS County Circuit Court.

## COUNT I – NEGLIGENCE CLAIM AGAINST DEFENDANT, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA

20.     Plaintiff hereby adopts and realleges paragraphs one through nineteen (1-19) above, as though fully set forth and incorporated herein.

21.     At all times material to this action, Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, owed a duty of care and a non-delegable duty of care to the Plaintiff, as an invitee, to maintain the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, in a reasonably safe condition.

22.     At all times material to this action, Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, owed a duty of care and a non-delegable duty of care to the Plaintiff, as an invitee, to correct any dangerous condition(s) on the subject premises on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, about which Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, either knew or should have known, by the use of reasonable care.

4

23.     At all times material to this action, Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, owed a duty of care and a non-delegable duty of care to the Plaintiff, as an invitee, to warn of any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, about which Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, had, or should have had, knowledge greater than that of the Plaintiff.

24.     At all times material to this action, Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, owed a duty of care and a non-delegable duty of care to the Plaintiff, as an invitee, to remedy any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, about which Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, had actual and/or constructive knowledge.

25.     Notwithstanding, Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, breached its duties of care owed to the Plaintiff, as an invitee, in one or more of the following manners:

   a.   Negligently creating a dangerous condition on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by failing to clean up and/or remove any wet and/or slippery substances from the ground surface, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

5

b.   Negligently creating a dangerous condition on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by allowing wet and/or slippery substances to remain on the ground surface, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

c.   Negligently creating a dangerous condition on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by painting or re-painting the ground surface of the subject premises without skid-resistant and/or anti-slip paint, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

d.   Negligently creating a dangerous condition on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by not painting or re-painting the ground surface of the subject premises with skid-resistant and/or anti-slip paint, which would make for a stable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

e.   Negligently creating a dangerous condition on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by surfacing or re-surfacing the ground surface of the subject premises without skid-resistant and/or anti-slip materials, which made for an unstable surface condition to traverse, thus creating a foreseeable zone

6

of risk to guests of the hotel/property, when traversing the subject property.

f.      Negligently creating a dangerous condition on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by not surfacing or re-surfacing the ground surface of the parking lot with skid-resistant and/or anti-slip materials, which would make for a stable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

g.      Negligently failing to maintain or adequately maintain the subject premises on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, in a reasonably safe condition, by failing to clean up and/or remove any wet and/or slippery substances from the ground surface, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

h.      Negligently failing to maintain or adequately maintain the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, in a reasonably safe condition, by allowing wet and/or slippery substances to remain on the ground surface, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

i.      Negligently failing to maintain or adequately maintain the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach,

Florida 33767, in a reasonably safe condition, by painting or re-painting the ground surface of the subject premises without skid-resistant and/or anti-slip paint, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

j.     Negligently failing to maintain or adequately maintain the subject premises on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, in a reasonably safe condition, by not painting or re-painting the ground surface of the premises with skid-resistant and/or anti-slip paint, which would make for a stable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

k.     Negligently failing to maintain or adequately maintain the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, in a reasonably safe condition, by surfacing or re-surfacing the ground surface of the premises without skid-resistant and/or anti-slip materials, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

l.     Negligently failing to maintain or adequately maintain the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, in a reasonably safe condition, by not surfacing or re-surfacing the ground surface of the premises with skid-resistant and/or

8

anti-slip materials, which would make for a stable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

m.    Negligently failing to correct any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by not cleaning up and/or removing any wet and/or slippery substances from the ground surface, which made for an unstable surface condition to traverse, about which Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

n.    Negligently failing to correct any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by allowing wet and/or slippery substances to remain on the ground surface, which made for an unstable surface condition to traverse, about which Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

o.    Negligently failing to correct any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach,

9

Florida 33767, by not painting or re-painting the ground surface of the subject premises with skid-resistant and/or anti-slip paint, which would make for a stable surface condition to traverse, about which Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

p. Negligently failing to correct any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by not surfacing or re-surfacing the ground surface of the subject premises with skid-resistant and/or anti-slip materials, which would make for a stable surface condition to traverse, about which Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

q. Negligently failing to warn the Plaintiff that the ground surface of the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, is not a stable surface condition to traverse when wet and/or slippery, about which Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, had, or should have had, knowledge greater than that of the Plaintiff,

thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

r.  Negligently failing to warn the Plaintiff that the ground surface on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by failing to place any signage and/or cones in the area that was wet and/or slippery, or otherwise failing to limit and/or restrict access to the area that was wet and/or slippery, about which Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, had, or should have had, knowledge greater than that of the Plaintiff, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

s.  Negligently failing to inspect and/or test or adequately inspect and/or test the pavement on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, for the purposes of evaluating and assessing whether the ground surface makes for an unstable surface condition to traverse when wet and/or slippery, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

26.  As a result, while the Plaintiff was lawfully walking on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, he slipped and fell in an area where the ground surface was wet and/or slippery, resulting in the Plaintiff sustaining serious and permanent bodily injuries.

27.     The dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, were created by Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, its agents, servants, and/or employees, and/or known to Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, its agents, servants, and/or employees, and/or existed for a sufficient length of time that in the exercise of ordinary care, Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, its agents, servants, and/or employees, knew or should have known of the dangerous condition(s), and/or the dangerous condition(s) occurred with regularity and was therefore foreseeable, and thus Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, its agents, servants, and/or employees, should have taken action to remedy it, but failed to do so, thereby creating a foreseeable zone of risk to the public at-large, including the Plaintiff, when traversing the subject property.

28.     The dangerous condition(s) associated with the subject premises of the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, were neither open nor obvious.

29.     As a direct and proximate result of Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, failure to maintain the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, in a reasonably safe condition, or in other words, due to Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA negligence and/or breach of its non-delegable duty of care, Plaintiff suffered injury(ies) in and about his body and

12

extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

30.    As a direct and proximate result of Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA failure to correct any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, about which Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, either knew or should have known, by the use of reasonable care, or in other words, due to Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA negligence and/or breach of its non-delegable duty of care, Plaintiff suffered injury(ies) in and about his body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The

13

losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

31.    As a direct and proximate result of Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA failure to warn the Plaintiff of any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, about which Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, had, or should have had, knowledge greater than that of the Plaintiff, or in other words, due to Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA negligence and/or breach of its non-delegable duty of care, Plaintiff suffered injury(ies) in and about his body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

32.    As a direct and proximate result of Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA failure to take action to remedy any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, about which Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA,

14

had actual knowledge and/or constructive knowledge, or in other words, due to Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA negligence and/or breach of its non-delegable duty of care, Plaintiff suffered injury(ies) in and about his body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

WHEREFORE, Plaintiff, ALI BEIDOUN, demands judgment for all damages against Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, Florida, LLC., in excess of Fifty Thousand Dollars ($50,000.00), as well as all taxable costs, and for any and all further relief this Honorable Court deems just and proper under the circumstances.

## COUNT II – NEGLIGENCE CLAIM AGAINST DEFENDANT, BW CW HOSPITALITY LLC

33.     Plaintiff hereby adopts and realleges paragraphs one through fifteen (1-15) above, as though fully set forth and incorporated herein.

34.     At all times material to this action, Defendant, BW CW HOSPITALITY LLC, owed a duty of care and a non-delegable duty of care to the Plaintiff, as an invitee, to maintain the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, in a reasonably safe condition.

15

35.    At all times material to this action, Defendant BW CW HOSPITALITY LLC, owed a duty of care and a non-delegable duty of care to the Plaintiff, as an invitee, to correct any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, about which Defendant, BW CW HOSPITALITY LLC, either knew or should have known, by the use of reasonable care.

36.    At all times material to this action, Defendant, BW CW HOSPITALITY LLC, owed a duty of care and a non-delegable duty of care to the Plaintiff, as an invitee, to warn of any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, about which Defendant, BW CW HOSPITALITY LLC, had, or should have had, knowledge greater than that of the Plaintiff.

37.    At all times material to this action, Defendant, BW CW HOSPITALITY LLC, owed a duty of care and a non-delegable duty of care to the Plaintiff, as an invitee, to remedy any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, about which Defendant, BW CW HOSPITALITY LLC, had actual and/or constructive knowledge.

38.    Notwithstanding, Defendant, BW CW HOSPITALITY LLC, breached its duties of care owed to the Plaintiff, as an invitee, in one or more of the following manners:

      a.    Negligently creating a dangerous condition on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by failing to clean up and/or remove any wet and/or slippery substances from the ground surface, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

16

b.    Negligently creating a dangerous condition on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by allowing wet and/or slippery substances to remain on the ground surface, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

c.    Negligently creating a dangerous condition on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by painting or re-painting the ground surface of the subject premises without skid-resistant and/or anti-slip paint, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

d.    Negligently creating a dangerous condition on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by not painting or re-painting the ground surface of the subject premises with skid-resistant and/or anti-slip paint, which would make for a stable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

e.    Negligently creating a dangerous condition on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by surfacing or re-surfacing the ground surface of the subject premises without skid-resistant and/or anti-slip materials, which made for an unstable surface condition to traverse, thus creating a foreseeable zone

17

of risk to guests of the hotel/property, when traversing the subject property.

f.    Negligently creating a dangerous condition on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by not surfacing or re-surfacing the ground surface of the parking lot with skid-resistant and/or anti-slip materials, which would make for a stable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

g.    Negligently failing to maintain or adequately maintain  the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, in a reasonably safe condition, by failing to clean up and/or remove any wet and/or slippery substances from the ground surface, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

h.    Negligently failing to maintain or adequately maintain the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, in a reasonably safe condition, by allowing wet and/or slippery substances to remain on the ground surface, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

i.    Negligently failing to maintain or adequately maintain the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach,

18

Florida 33767, in a reasonably safe condition, by painting or re-painting the ground surface without skid-resistant and/or anti-slip paint, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

j.     Negligently failing to maintain or adequately maintain the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, in a reasonably safe condition, by not painting or re-painting the ground surface of the parking lot with skid-resistant and/or anti-slip paint, which would make for a stable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

k.     Negligently failing to maintain or adequately maintain the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, in a reasonably safe condition, by surfacing or re-surfacing the ground surface of the parking lot without skid-resistant and/or anti-slip materials, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

l.     Negligently failing to maintain or adequately maintain the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, in a reasonably safe condition, by not surfacing or re-surfacing the ground surface of the pavement/ground with skid-resistant

and/or anti-slip materials, which would make for a stable surface condition to traverse, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

m. Negligently failing to correct any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by not cleaning up and/or removing any wet and/or slippery substances from the ground surface, which made for an unstable surface condition to traverse, about which Defendant, BW CW HOSPITALITY LLC., either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

n. Negligently failing to correct any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by allowing wet and/or slippery substances to remain on the ground surface, which made for an unstable surface condition to traverse, about which Defendant, BW CW HOSPITALITY LLC, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

o. Negligently failing to correct any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by not painting or re-painting the ground surface of the subject premises with skid-resistant and/or anti-slip paint, which would

20

make for a stable surface condition to traverse, about which Defendant, BW CW HOSPITALITY LLC, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

p.     Negligently failing to correct any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by not surfacing or re-surfacing the ground surface of the subject premises with skid-resistant and/or anti-slip materials, which would make for a stable surface condition to traverse, about which Defendant, BW CW HOSPITALITY LLC, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

q.     Negligently failing to warn the Plaintiff that the ground surface of the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, is not a stable surface condition to traverse when wet and/or slippery, about which Defendant, BW CW HOSPITALITY LLC, had, or should have had, knowledge greater than that of the Plaintiff, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

r.     Negligently failing to warn the Plaintiff that the ground surface of the parking lot on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, by failing to place any signage and/or cones in the area that was wet and/or slippery, or otherwise

21

failing to limit and/or restrict access to the area that was wet and/or slippery, about which Defendant, BW CW HOSPITALITY LLC, had, or should have had, knowledge greater than that of the Plaintiff, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

s.    Negligently failing to inspect and/or test or adequately inspect and/or test the pavement on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, for the purposes of evaluating and assessing whether the ground surface makes for an unstable surface condition to traverse when wet and/or slippery, thus creating a foreseeable zone of risk to guests of the hotel/property, when traversing the subject property.

39.    As a result, while the Plaintiff was lawfully walking on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, he slipped and fell in an area where the ground surface was wet and/or slippery, resulting in the Plaintiff sustaining serious and permanent bodily injuries.

40.    The dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, were created by Defendant, BW CW HOSPITALITY LLC, its agents, servants, and/or employees, and/or known to Defendant, BW CW HOSPITALITY LLC, its agents, servants, and/or employees, and/or existed for a sufficient length of time that in the exercise of ordinary care, Defendant, BW CW HOSPITALITY LLC, its agents, servants, and/or employees, knew or should have known of the dangerous condition(s), and/or the dangerous condition(s) occurred with regularity and was therefore foreseeable, and

22

thus Defendant, BW CW HOSPITALITY LLC, its agents, servants, and/or employees, should have taken action to remedy it, but failed to do so, thereby creating a foreseeable zone of risk to the public at-large, including the Plaintiff, when traversing the subject property.

41. The dangerous condition(s) associated with the pavement/ground of the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, were neither open nor obvious.

42. As a direct and proximate result of Defendant, BW CW HOSPITALITY LLC, failure to maintain the subject premises of the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, in a reasonably safe condition, or in other words, due to Defendant, BW CW HOSPITALITY LLC Negligence and/or breach of its non-delegable duty of care, Plaintiff suffered injury(ies) in and about his body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

43. As a direct and proximate result of Defendant, BW CW HOSPITALITY LLC failure to correct any dangerous condition(s) on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, about which Defendant, BW CW HOSPITALITY LLC, either knew or should have known, by the use of reasonable care, or in other words, due to Defendant, BW CW HOSPITALITY LLC negligence and/or breach of its

23

non-delegable duty of care, Plaintiff suffered injury(ies) in and about his body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses.  The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

44.    As a direct and proximate result of Defendant, BW CW HOSPITALITY LLC failure to warn the Plaintiff of any dangerous condition(s) on the subject premises  located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, about which Defendant, BW CW HOSPITALITY LLC, had, or should have had, knowledge greater than that of the Plaintiff, or in other words, due to Defendant, BW CW HOSPITALITY LLC negligence and/or breach of its non-delegable duty of care, Plaintiff suffered injury(ies) in and about his body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses.  The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

45.    As a direct and proximate result of Defendant, BW CW HOSPITALITY LLC failure to take action to remedy any dangerous condition(s) on the subject premises located at

24

301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, about which Defendant, BW CW HOSPITALITY LLC, had actual knowledge and/or constructive knowledge, or in other words, due to Defendant, BW CW HOSPITALITY LLC negligence and/or breach of its non-delegable duty of care, Plaintiff suffered injury(ies) in and about his body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses.    The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

WHEREFORE, Plaintiff, ALI BEIDOUN, demands judgment for all damages against Defendant, BW CW HOSPITALITY LLC, in excess of Fifty Thousand Dollars ($50,000.00), as well as all taxable costs, and for any and all further relief this Honorable Court deems just and proper under the circumstances.

## COUNT III – CLAIM FOR MEDICAL PAYMENTS COVERAGE AGAINST DEFENDANT, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

46.    Plaintiff hereby adopts and realleges paragraphs one through nineteen (1-19) above, as though fully set forth and incorporated herein.

47.    On or about June 7, 2024, while on the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, Plaintiff slipped and fell.

48.    As a result the slip and fall at the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767, on or about June 7, 2024, Plaintiff sustained

25

serious and permanent bodily injuries requiring, *inter alia*, necessary medical, surgical, and X-ray services, care, and treatment.

49.     At all times material to this action, Plaintiff was an omnibus insured under the Commercial General Liability insurance policy issued by Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., to HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, bearing Policy Number 519-65-16, in relation to the subject premises located at 301 South Gulfview Boulevard, Clearwater Beach, Florida 33767.

50.     As an omnibus insured, Plaintiff was also entitled to recover reasonable expenses for necessary medical, surgical, and X-ray services, care, and treatment, due to the serious and permanent bodily injuries she sustained arising out of or relating to the incident that occurred on or about June 7, 2024.

51.     As an omnibus insured, Plaintiff was further entitled to recover reasonable expenses for necessary ambulance, hospital, and professional nursing services, care, and treatment, due to the serious and permanent bodily injuries she sustained arising out of or relating to the incident that occurred on or about June 7, 2024.

52.     Despite incurring reasonable expenses for necessary medical, surgical, and X-ray services, care, and treatment; and necessary ambulance, hospital, and professional nursing services, care, and treatment, due to the serious and permanent bodily injuries she sustained arising out of or relating to the incident that occurred on or about March 24, 2023, and the timely reporting of those expenses, Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., failed and continues to fail in accepting liability and tendering the full policy limit under Medical Payments Coverage.

53.    Due to Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S failure to accept liability and tender the full policy limit under Medical Payments Coverage in accordance with the express written provisions of the insurance policy issued to HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, which was in full force and effect on June 7, 2024, Plaintiff has been required to retain The Injury Firm for purposes of prosecuting this lawsuit.

54.    Plaintiff agrees to pay and The Injury Firm has agreed to accept any court awarded amount for reasonable attorneys' fees and costs in prosecuting this lawsuit against Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., which was necessitated by its failure to accept liability and tender the full policy limit under Medical Payments Coverage.

55.    Pursuant to section 627.428, Florida Statutes, Plaintiff is entitled to recover from Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., reasonable attorneys' fees incurred in the prosecution of this lawsuit, which was necessitated by Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S failure to accept liability and tender the full policy limit under Medical Payments Coverage.

56.    Pursuant to section 57.104, Florida Statutes, Plaintiff is entitled to recover from Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., legal assistant fees incurred in the prosecution of this lawsuit, which was necessitated by Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S failure to accept liability and tender the full policy limit under Medical Payments Coverage.

57.    Pursuant to section 57.041, Florida Statutes, Plaintiff is entitled to recover from Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,

costs incurred in the prosecution of this lawsuit, which was necessitated by Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S failure to accept liability and tender the full policy limit under Medical Payments Coverage.

58.     Plaintiff is also entitled to recover from Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., prejudgment interest at the rate established under section 55.03, Florida Statutes, in the prosecution of this lawsuit, which was necessitated by Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S failure to accept liability and tender the full policy limit under Medical Payments Coverage.

59.     Plaintiff would derive a direct benefit from this Honorable Court's Judgment ordering Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., to pay reasonable attorneys' fees, legal assistant fees, costs, and prejudgment interest, which was necessitated by Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S failure to accept liability and tender the full policy limit under Medical Payments Coverage.

WHEREFORE, Plaintiff, ALI BEIDOUN, demands judgment for all damages against Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., not in excess of Fifty Thousand Dollars ($50,000.00), as well as reasonable attorneys' fees, legal assistant fees, and costs pursuant to sections 627.428, 57.104, and 57.041, Florida Statutes, incurred in the prosecution of this lawsuit, which was necessitated by Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S failure to accept liability and tender the full policy limit under Medical Payments Coverage, and prejudgment interest at

28

the rate established under section 55.03, Florida Statutes, and for any and all further relief this Honorable Court deems just and proper under the circumstances.

*The remainder of this page has been intentionally left blank*

## DEMAND FOR JURY TRIAL

Plaintiff, ALI BEIDOUN, hereby demands trial by jury of all issues so triable as a matter of right.

WHEREFORE, Plaintiff, ALI BEIDOUN, demands judgment for all damages against Defendant, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, LINPRO INVESTMENTS, INC., BW CW HOSPITALITY LLC, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. in excess of Fifty Thousand Dollars ($50,000.00), as well as all taxable costs, and for any and all further relief this Honorable Court deems just and proper under the circumstances.

RESPECTFULLY submitted on April 13, 2026.

**THE INJURY FIRM**

/s/ Alexander J. Mendez
Alexander J. Mendez, Esq.

29

Florida Bar No.: 1015360
1608 East Commercial Boulevard
Fort Lauderdale, Florida 33334
Tel.: (954) 951-0000
Fax: (954) 951-1000
Primary E-Mail Service Address:
Eservice13@flinjuryfirm.com
Secondary E-Mail Service Address:
records@flinjuryfirm.com
Tertiary E-Mail Service Address
Alex@flinjuryfirm.com
*Counsel for Plaintiff*

30