IN THE CIRCUIT COURT, SIXTH JUDICIAL CIRCUIT, IN AND FOR PINELLAS COUNTY, FLORIDA

CASE NO.: 26-002246-CI

ALI BEIDOUN,

                Plaintiff,

vs.

HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, BW CW HOSPITALITY LLC and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

                Defendant.

_____

## DEFENDANT, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, HYATT CORPORATION d/b/a HYATT REGENCY CLEARWATER BEACH RESORT AND SPA, by and through the undersigned, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

## GENERAL ALLEGATIONS

1.      Admitted for jurisdictional purposes only, otherwise denied.

2.      Without knowledge, therefore, denied.

3.      Admitted for jurisdictional purposes only, otherwise denied.

4.      Admitted for jurisdictional purposes only, otherwise denied.

5.      Admitted for jurisdictional purposes only, otherwise denied.

6.      Admitted for jurisdictional purposes only, otherwise denied.

7.      Admitted for jurisdictional purposes only, otherwise denied.

8.      Denied as phrased.

9.      Without knowledge, therefore, denied.

10.     Admitted that the policy speaks for itself.

11.     Admitted that the policy speaks for itself.

12.     Without knowledge, therefore, denied.

13.     Without knowledge, therefore, denied.

14.     Without knowledge, therefore, denied.

15.     Without knowledge, therefore, denied.

16.     Without knowledge, therefore, denied.

17.     Without knowledge, therefore, denied.

18.     Admitted for jurisdictional purposes only, otherwise, denied.

19.     Admitted for jurisdictional purposes only, otherwise, denied.

## COUNT I – NEGLIGENCE CLAIM AGAINST DEFENDANT, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA

20.     Defendant incorporates its responses to paragraphs 1 through 19 of Plaintiff's Complaint as if fully set forth herein.

21.     Admitted that Defendant owes certain duties as prescribed by Florida law; otherwise, denied as phrased.

22.     Admitted that Defendant owes certain duties as prescribed by Florida law; otherwise, denied as phrased.

23.     Admitted that Defendant owes certain duties as prescribed by Florida law; otherwise, denied as phrased.

24.     Admitted that Defendant owes certain duties as prescribed by Florida law; otherwise, denied as phrased.

25.     Denied, including all subparts (a-s).

26.     Without knowledge, therefore, denied.

27.     Without knowledge, therefore, denied.

28.     Without knowledge, therefore, denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

### COUNT II – NEGLIGENCE CLAIM AGAINST DEFENDANT, BW CW HOSPITALITY

33.     Defendant incorporates its responses to paragraphs 1 through 32 of Plaintiff's Complaint as if fully set forth herein.

34.     Admitted that Defendant owes certain duties as prescribed by Florida law; otherwise, denied as phrased.

35.     Admitted that Defendant owes certain duties as prescribed by Florida law; otherwise, denied as phrased.

36.     Admitted that Defendant owes certain duties as prescribed by Florida law; otherwise, denied as phrased.

37.     Admitted that Defendant owes certain duties as prescribed by Florida law; otherwise, denied as phrased.

38.     Denied, including all subparts (a-s).

39.     Without knowledge, therefore, denied.

40.     Without knowledge, therefore, denied.

41.     Without knowledge, therefore, denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

## <u>COUNT III – CLAIM FOR MEDICAL PAYMENTS COVERAGE AGAINST DEFENDANT, NATIONAL UNION FIRE INSURANCE COMPLANY OF PITTSBURGH, PA.</u>

46. – 59. These numbered paragraphs do not pertain to Defendants, HYATT CORPORATION D/B/A HYATT REGENCY CLEARWATER BEACH RESORT AND SPA. To the extent applicable, Defendants deny each and every allegation and inference contained therein.

### <u>AFFIRMATIVE DEFENSES</u>

Defendants assert the following defenses, some of which may be affirmative defenses. Discovery and investigation are ongoing. Accordingly, Defendants reserve the right to amend or supplement their Answer to add additional affirmative defenses and/or applicable conditions and limitations as may become apparent during the continuing course of discovery and investigation in this action. Furthermore, Defendants reserve the right to withdraw any affirmative defense.

### <u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff was guilty of negligence which solely caused or proximately contributed to cause the alleged accident and damages complained of and which serves to bar or comparatively reduce any damages which may be awarded.

### <u>SECOND AFFIRMATIVE DEFENSE</u>

Without admitting Plaintiff suffered any damages, Defendants assert Plaintiff failed to mitigate his damages and by this failure, contributed to the injuries and damages claimed. Accordingly, damages should be barred or reduced.

### <u>THIRD AFFIRMATIVE DEFENSE</u>

Pursuant to section 768.81(6), Florida Statutes, to the extent Plaintiff is more than fifty percent at fault for his harm, Plaintiff may not recover any damages.

### <u>FOURTH AFFIRMATIVE DEFENSE</u>

To the extent any alleged dangerous condition existed, such condition was open and obvious to Plaintiff.  Defendants allege that Plaintiff knew of the existence of the danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the

danger and, having a reasonable opportunity to avoid it, voluntarily exposed himself to the danger. Additionally, any alleged deficiency in the areas described in the Complaint was known to Plaintiff or could have been discovered with the exercise of ordinary and reasonable care. The alleged condition referenced in Plaintiff's Complaint was so open and obvious as to provide Plaintiff with knowledge equal or superior to the knowledge of Defendants, so that Defendants had no duty to warn of such condition and are not liable.

## FIFTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff was comparatively negligent. Any recovery herein must be reduced by an amount equivalent to Plaintiff's degree of negligence. Plaintiff was guilty of negligence in failing to watch where he was walking, failing to keep a reasonable look out for his own safety, failing to observe the obvious, and other failures to be identified in discovery, which solely, or proximately, caused the incident at issue in the Complaint and the damages sought by Plaintiff. By pleading comparative negligence, Defendants do not admit that they were negligent in any way.

## SIXTH AFFIRMATIVE DEFENSE

Defendants state that any alleged injuries and/or damages allegedly sustained by Plaintiff were caused by the superseding and/or intervening actions and/or negligence of third parties whom Defendants had no control or right to control.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that the damages and injuries allegedly suffered by Plaintiff, if any, are a result of Plaintiff's own bodily functions, genetic history, or preexisting conditions.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that Section 768.0755, Florida Statutes, applies to Plaintiff's claims. As a result, Plaintiff must prove Defendants had actual or constructive knowledge, as defined in Section 768.0755, of a dangerous condition and should have taken action to remedy said condition.

### NINTH AFFIRMATIVE DEFENSE

Defendants state that damages against them are only available to the extent permitted by Section 768.81, Florida Statutes.

### TENTH AFFIRMATIVE DEFENSE

Defendants state that pursuant to Florida Statute 768.81, and *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), Defendants can only be held liable for its proportionate share of liability for Plaintiff's alleged damages, and therefore, Plaintiff's monetary recovery in this matter, if any, must be reduced by the proportionate share of liability assignable to all other persons and entities. Defendants reserve the right to supplement this Affirmative Defense as the case progresses.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from submitting evidence in support of the amount of damages for past or future medical treatment or services that fail to comply with the requirements of section 768.0427, Florida Statutes.

### TWELFTH AFFIRMATIVE DEFENSE

Pursuant to section 768.0427(3), Florida Statutes, certain disclosures of letters of protection are required as a condition precedent to asserting any claim for medical expenses for treatment rendered under a letter of protection. To the extent Plaintiff is asserting such a claim, Plaintiff has failed to comply with this statutory condition precedent and thus any such claim fails.

### THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to section 768.0427(4), Florida Statutes, Plaintiff's "damages that may be recovered . . . or the reasonable and necessary cost or value of medical care rendered may not include any amount in excess of the evidence of medical treatment and services expense admitted pursuant to [section 768.0427(2), Florida Statutes], and also may not exceed the sum of the following:

(a) Amounts actually paid by or on behalf of [Plaintiff] to a health care provider who rendered medical treatment or services;

(b) Amounts necessary to satisfy charges for medical treatment or services that are due and owing but at the time of trial are not yet satisfied; and

(c) Amounts necessary to provide for any reasonable and necessary medical treatment or services the claimant will receive in the future."

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants assert that the Plaintiff is entitled to receive, has received, or, in the future, may receive compensation for injuries and damages sustained from collateral sources and the Defendants claim a set-off for said compensation pursuant to applicable Florida law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant pleads all defenses and applicable portions of Chapter 2023-15, Laws of Fla. (Committee Substitute for House Bill No 837) (effective March 24, 2023) to this case.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses as further investigation and discovery may demonstrate.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues to triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Friday, May 8, 2026, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Alexander J. Mendez, Esq.
THE INJURY FIRM
1608 East Commercial Blvd.
Fort Lauderdale, FL 33334
(954) 951-0000
Primary email:
Eservice13@flinjuryfirm.com
Secondary email:
records@flinjuryfirm.com
alex@flinjuryfirm.com
*Attorney for Plaintiff*

/s/ Alison H. Sausaman
Alison H. Sausaman, Esq.
Florida Bar No. 112552
Emily E. Barry, Esq.
Florida Bar No. 11058432
CARR ALLISON
200 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:    (904) 328-6473
Email:  asausaman@carrallison.com
ebarry@carrallison.com
Secondary Email:
swright@carrallison.com
kjones@carrallison.com
*Attorneys for Defendant*