UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALI BEIDOUN,

     Plaintiff,

v.                                Case No. 8:26-cv-1455-KKM-AAS

HYATT CORPORATION et al.,

     Defendants.

_____

## <u>ORDER</u>

On April 13, 2026, Plaintiff Ali Beidoun sued the defendants in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. *See* Compl. (Doc.1-1). On May 14, 2026, defendant Hyatt Corporation removed the action to this Court based on diversity jurisdiction. *See* Notice of Removal (Doc. 1) at 1–2. Beidoun is a citizen of Michigan, Hyatt Corporation is a citizen of Delaware and Illinois, defendant National Union Fire Insurance Company is a citizen of Pennsylvania and New York, and defendant BW CW Hospitality, LLC, is a limited liability company organized under Texas law and is "not a Florida citizen." *See id.* at 2–3.

Because the representation that BW CW is not a Florida citizen is insufficient for determining complete diversity in an action with a plaintiff that is a citizen of Michigan, I directed the removing defendant, Hyatt Corporation,

to refile the notice of removal after properly pleading BW CW's citizenship. OSC (Doc. 7). In response, Hyatt Corporation filed a joint stipulation for remand. Joint Stipulation (Doc. 8). Because the joint stipulation did not identify any basis for remand, *see id.*, I directed Hyatt Corporation to file another "joint stipulation that briefly sets out the grounds for remand," Order (Doc. 9). Hyatt Corporation filed another joint stipulation for remand and states that BW CW "[has] not been able to or [is] not willing to provide information regarding the identity and citizenship of all [its] members." 2d Joint Stipulation (Doc. 10).

Diversity jurisdiction requires complete diversity—that all plaintiffs be diverse from all defendants. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017) (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)). When a removing defendant fails to meet this burden, "the district court should remand the case to state court for want of federal jurisdiction." *Rolling Greens*, 374 F.3d at 1023. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Id.* at 1022. Hyatt Corporation has failed

to demonstrate that BW CW's members, and thus, BW CW itself, are not citizens of Michigan.

Accordingly, the following is **ORDERED**:

1. The Clerk is directed to **REMAND** this action to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida, and to **TRANSMIT** a certified copy of this order to the clerk of that court.

2. The Clerk is further directed to **TERMINATE** any pending deadlines, motions, or hearings, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, May 26, 2026.

Kathryn Kimball Mizelle
United States District Judge

3